# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 6:10-CV-03448-DGK |
| AMERICAN DETECTION SPECIALISTS, | ) |
| INC., et. al., | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO DISMISS

This case arises out of allegations by Plaintiff pro se James Porter that American Detection Specialists violated various rights of his in connections with the repossession of home security equipment, and that the remaining Defendants are engaged in ongoing harassment of him regarding a neighborhood dispute. Before the Court is the Motion to Dismiss of Husch Blackwell LLP ("Husch") and J. Michael Bridges (doc. 18), Defendants Husch and Bridges' Suggestions in Support (doc. 19), Plaintiff's Suggestions in Opposition (doc. 24), and Defendants' Reply (doc. 26).

To survive a motion to dismiss, a plaintiff's complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must do more than state legal conclusions reciting the elements of a cause of action; it must state the factual basis as well as the legal basis for the claim. *See DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002); *Twombly*, 550 U.S. at 555. Because Plaintiff is proceeding pro se, his complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers."). That said, a pro se complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 374 F.3d 912, 914 (8th Cir. 2004).

The Court holds Plaintiff's Second Amended Complaint (doc. 15) ("the Complaint") generally fails to state a factual basis for a claim against either Husch or Bridges. Bridges, an attorney employed at Husch, is named in Count II, which appears to allege that Bridges engaged in conduct that somehow discouraged the Plaintiff from filing a "chose in action."[1] For example, the Complaint alleges that Bridges "on behalf of and/or jointly and/or in conspiracy with or as part of a cooperative relationship, collaboration, interdependence or concerted effort with state officials, has engaged in a pattern or course of conduct or ongoing conspiracy of wrongfully threatening and intimidating Plaintiff to suppress and prevent the filing of a chose-in-action" and "wrongfully provided documents pertaining to same to county prosecutors." Complaint Count II ¶ 2. Husch is named in Count III, which alleges that as Bridges's employer, it "directed, approved, ratified or participated in or conspired with the said wrongful and ongoing actions of [Bridges]." Complaint Count III ¶ 3. These "allegations" do nothing to place the defendants on notice regarding any set of events or actions. The allegations are the picture of elemental pleading and are precisely the types of conclusory "the-defendant-unlawfully-harmed-me" accusations deemed insufficient to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual

---

[1] Black's Law Dictionary (9th ed. 2009) defines "chose in action" as:

> 1. A proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort. 2. The right to bring an action to recover a debt, money, or thing. 3. Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit.

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

While the Complaint is generally short on facts, it is particularly insufficient with respect to alleging how Husch and Bridges were acting under color of state law, an element of a § 1983 claim. "Under § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005). Here, Plaintiff recites a litany of legal conclusions accusing Husch and Bridges of somehow working with "state officials" (who, as best the Court can determine, are current or former Green County prosecutors and an unnamed assistant prosecutor) to wrongfully discourage him from filing a civil lawsuit against a Husch client, but Plaintiff fails to supply sufficient facts to "nudge" these accusations "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Consequently, the Motion to Dismiss (doc. 18) is GRANTED. Plaintiff's claims against Defendants Husch and Bridges are dismissed without prejudice.

**IT IS SO ORDERED.**

Date:   July 7, 2011                                  /s/ Greg Kays
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT