# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. POTTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:10-cv-03448-DGK |
| | ) | |
| AMERICAN DETECTION | ) | |
| SPECIALISTS, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING ADS'S MOTION TO DISMISS

This case arises out of allegations by Plaintiff pro se James Porter that American Detection Specialists violated various rights of his in connection with the repossession of home security equipment, and that the remaining Defendants are engaged in ongoing harassment of him.

Before the Court is Plaintiff's Second Amended Complaint (doc. 15), Defendant American Detection Specialists, Inc.'s ("ADS") Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 34), Defendant ADS's Suggestions in Support (doc. 35), Plaintiff's Suggestions in Opposition (doc. 49), and Defendant ADS's Reply (doc. 53). ADS contends (1) that all counts against it should be dismissed because this Court lacks subject matter jurisdiction under the Rooker-Feldman Doctrine; (2) that the Complaint fails to state a claim against ADS; (3) that Plaintiff's § 1983 claim fails to allege that ADS was acting under color of law; and (4) after dismissing the federal claims, the Court should decline to exercise pendent jurisdiction over Plaintiff's state law claims. Holding that all the claims against ADS are precluded by the Rooker-Feldman Doctrine, the motion is GRANTED.

1

Federal courts are courts of limited jurisdiction, and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Whenever it appears by suggestion of the parties or otherwise that a federal court lacks subject matter jurisdiction over a dispute, the court is obliged to dismiss the lawsuit. Fed. R. Civ. Pro. 12(h)(3); *see Kokkonen*, 511 U.S. at 377.

Lower federal courts, such as federal district courts, lack subject matter jurisdiction over most challenges to state court judgments. With the exception of habeas corpus petitions, federal jurisdiction to review state court judgments is vested exclusively in the United States Supreme Court. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). The Rooker-Feldman doctrine recognizes this and forecloses not only straightforward appeals from state court decisions, "but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Id.* The doctrine prohibits lower federal courts from exercising jurisdiction over all "general constitutional claims that are inextricably intertwined with claims already adjudicated in state court." *Id.* at 492-93. A general federal claim is inextricably intertwined with a state judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987). That is, the doctrine bars claims where the requested federal relief would void the state court's judgment or essentially reverse the state court's holding. *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001).

In the present case the Second Amended Complaint alleges that

> On or about June 7, 2010, said Defendant [American Detection Specialists, Inc.] wrongfully obtained a judgment against Plaintiff, in that Plaintiff was not the real party in interest. Second, the "Order of Judgment" issued by the Judge of the Greene County, Missouri Associate Circuit Court **wrongfully assisted**, encouraged or authorized the improper enforcement of said judgment. Third, a

> cooperative relationship, interdependence, collaberation [sic] or a concerted effort existed between the said Court and said Defendant. Fourth, on or about August 20, 2010, said Defendant, acting on behalf of or in the place of state officials, wrongfully enforced said **wrongful judgment** by unlawfully seizing, appropriating and removing. . . .

Second Amended Complaint Count I ¶ 4 (emphasis added). Clearly, Plaintiff is requesting that this Court declare the state court judgment against the Plaintiff "wrongful." This is precisely the type of claim that warrants abstention under the Rooker-Feldman Doctrine. Although the Plaintiff argues that he does not wish question the state court's judgment, he does precisely this by claiming that ADS "wrongfully obtained a judgment" and by claiming that the state court "wrongfully assisted, encouraged or authorized the improper enforcement of said judgment." Because this allegation is the foundation for all of Plaintiff's claims against ADS, including the state law claims of conversion and infliction of emotional distress, the Court must abstain in accordance with the Rooker-Feldman Doctrine and dismiss the claims for lack of subject matter jurisdiction. The Court declines to address ADS's remaining arguments.

Consequently, Defendant American Detection Specialists, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 34) is GRANTED. Plaintiff's claims against Defendant ADS are dismissed without prejudice.

**IT IS SO ORDERED.**

Date: July 7, 2011     /s/ Greg Kays
                        GREG KAYS, JUDGE
                        UNITED STATES DISTRICT COURT