# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES PORTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:10-CV-03448-DGK |
| AMERICAN DETECTION SPECIALISTS, INC., et. al., | ) |
| Defendants. | ) |

## ORDER GRANTING MOORE AND PATTERSON'S MOTION TO DISMISS

In this case Plaintiff pro se James Porter alleges that American Detection Specialists violated various rights related to the repossession of home security equipment, and that the remaining Defendants are engaged in ongoing harassment of him.

Before the Court is Separate Defendants Darrell Moore and Dan Patterson's Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 22), Defendants Moore and Patterson's Suggestions in Support (doc. 23), Plaintiff's Suggestions in Opposition (doc. 29), Plaintiff's Amended Suggestions in Opposition (doc. 49), Defendants' Reply (doc. 57), Plaintiff's Sur-Response (doc. 65) and Plaintiff's Correction to his Sur-Response (doc. 68). Defendant argues the Complaint should be dismissed because the claims are barred by the statute of limitations and because the Plaintiff did not adequately state a claim. Because the Complaint fails to state a claim and granting leave to amend would be futile, the motion is granted.

## DISCUSSION

**A.    It is unclear whether the statute of limitations was tolled.**

Section 1983 does not have its own statute of limitations; instead the most analogous statute of limitation from state law should be applied, and the most analogous statute of

limitations is that of personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-77 (1985). Whether the statute of limitations is tolled is determined by state law. *Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011). Missouri has a five year statute of limitations for personal injury cases, but the statute is tolled if the plaintiff was "mentally incapacitated" at the time of the injury. Mo. Rev. Stat. §§ 516.120, 516.170. Under Missouri law, "'[m]entally incapacitated' means that the person was 'deprived of his reasoning faculties' or that he was 'incapable of understanding or acting with discretion in the ordinary affairs of his life.'" *Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008) (citing *Kellog v. Kellog*, 989 S.W.2d 681, 685 (Mo. Ct. App. 1999)). A court can grant a motion to dismiss based on the affirmative defense claim of failure to file within the statute of limitations at the pleading stage only if the "complaint itself establishes the defense." *Jessie*, 516 F.3d at 713 n.2.

Here the Complaint alleges the date of the alleged wrongful acts were "on or about 9/24/04," and the current action commenced on November 4, 2010, over six years later. Plaintiff also claims that "[f]rom on or about said date of 9/24/04 until on or about 1/15/10 . . . Plaintiff was incapacitated or of diminished capacity because of a mental disability within the meaning of the applicable state tolling statute." While this arguably fails to adequately plead the factual basis of his mental incapacity--Plaintiff is stating a conclusion that he was mentally disabled without providing any factual basis for this conclusion, because the Complaint does not rule out the possibility that the statute of limitation was tolled, the Court will not dismiss the complaint for violating the statute of limitations.

**B.      The Complaint fails to state a claim.**

To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint must do more than state legal conclusions reciting the elements of a cause of action, it must state the factual basis as well as the legal basis for the claim.  *See DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002); *Twombly*, 550 U.S. at 555.  Because Plaintiff is proceeding pro se, his complaint is liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").  That said, a pro se complaint "still must allege sufficient facts to support the claims advanced."  *Stone v. Harry*, 374 F.3d 912, 914 (8th Cir. 2004).

The Court holds Plaintiff's Second Amended Complaint (doc. 15) ("the Complaint") generally fails to state a basis for a claim against either Moore or Patterson.  Patterson is named in Count IV of the Complaint and Moore in Count V which appear to allege that Moore and Patterson wrongfully filed, maintained and/or requested documentation relating to an "ongoing neighborhood threat," and that Moore threatened Plaintiff with criminal prosecution through co-defendants Husch and Bridges which somehow discouraged the Plaintiff from filing a "chose in action."[1]  Plaintiff does not cite, and the Court cannot find, any authority for the proposition that a prosecutor who requests, maintains, or files documents pertaining to a neighborhood dispute is violating § 1983.  Attaching the word "wrongful" in front of Defendant's actions is a legal conclusion and is precisely the type of conclusory "the-defendant-unlawfully-harmed-me" accusation that is insufficient to state a claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

---

[1] Black's Law Dictionary (9th ed. 2009) defines "chose in action" as:

> 1. A proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort. 2. The right to bring an action to recover a debt, money, or thing. 3. Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit.

(2009) ("[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

The Complaint also fails to state a factual basis for the allegations regarding the threat of retaliatory action. These allegations do not place the defendants on notice regarding any set of events or actions. While the Complaint states a litany of legal conclusions accusing former Green County Prosecuting Attorney Moore and an unnamed assistant prosecuting attorney of making threats through private attorneys to discourage Plaintiff from filing a lawsuit, the Complaint fails to supply sufficient facts to "nudge" these accusations "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus the Complaint fails to state a claim.

Plaintiff has requested that if the Court rules that it fails to state a claim, he be given leave to amend the Complaint. While the Court typically grants such a request, it will not in this case because it is clear that any amendment would be futile. While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile. *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005). In the present case the Plaintiff has already filed a second amended complaint and repeatedly amended his pleadings by interlineation, all to no avail. Granting Plaintiff leave to amend the Complaint yet again would be an exercise in futility.

Consequently, the Separate Defendants Darrell Moore and Dan Patterson's Motion to Dismiss Plaintiff's Second Amended Complaint (doc. 22) is GRANTED. Plaintiff's claims

against Defendants Moore and Patterson are dismissed without prejudice. This includes the dismissal of Plaintiff's claims against the unnamed former Assistant Green County Prosecuting Attorney.

**IT IS SO ORDERED.**

Date:   July 7, 2011                             /s/ Greg Kays
                                                 GREG KAYS, JUDGE
                                                 UNITED STATES DISTRICT COURT